FILED IN CLERK'S OFFICE
U.S.D.C.  Atlanta

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JUN 2 8 2007

JAMES N. HATTEN, Clerk
By. _____
Deputy Clerk

GERTRUDE ISAAC,

       Plaintiff,

v.

AMERICAN INTERCONTINENTAL
UNIVERSITY,

       Defendant.

CIVIL ACTION NO.

1:05-CV-2839-JEC

## O R D E R   &   O P I N I O N

This case is presently before the Court on plaintiff's Combined Motion to Dismiss and Seal the Case [15], and defendant's Motion to Dismiss [16].  The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that defendant's Motion to Dismiss [16] should be **GRANTED,** and plaintiffs' Motion to Dismiss and Seal the Case [15] should be **DENIED.**

### BACKGROUND

Plaintiff, proceeding as an *in forma pauperis* ("IFP") *pro se* litigant, brought suit against American Intercontinental University ("AIU") alleging discrimination on the basis of national origin, sex, disability, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e, *et. seq.* ("Title

AO 72A
(Rev.8/82)

VII"). (Pl.'s Title VII Compl. [2] at 2.)  Plaintiff alleges that in November 2003, when plaintiff began taking classes at AIU Dunwoody, the Financial Aid Department accused plaintiff of not being a degree-seeking student and defamed her character.  (Id.) After plaintiff stated her intention to file a complaint, AIU Dunwoody allegedly discriminated and retaliated against plaintiff.   (Id.)

On September 25, 2006, defendant filed a motion for an expedited pretrial conference and stay. (Def.'s Br. in Supp. of Mot. to Stay [11].)    In  support  of  its  motion,  defendant  noted  that  the plaintiff's  failure  to  disclose  her  interests  in  the  ongoing litigation  to  the  bankruptcy  court  presiding  over  plaintiff's bankruptcy  case  prevented  plaintiff  from  prosecuting  the  claim because: (1) she lacked standing to pursue the claim, as it became a part of the bankruptcy estate; and (2) even if the bankruptcy trustee were  to  abandon  the  claim,  plaintiff  would  still  be  judicially estopped from pursing her claim, due to her fraud on the court. (Id. at 4.)

In August 2005, Plaintiff had filed a Voluntary Petition for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Northern  District  of  Georgia,  Atlanta  Division  (Case  Number  05-95374)(the "Bankruptcy Petition").  (Def.'s Br. in Supp. of Mot. to Stay [11] at 2; Pl.'s Req. for Repr. [3].)  In conjunction with her bankruptcy petition, plaintiff submitted a Statement of Financial

2

Affairs to the bankruptcy court ("Plaintiff's Financial Statement"). (Def.'s Br. in Supp. of Mot. to Stay [11] at 2.)   Under the bankruptcy rules, plaintiff was required, under penalty of perjury, to disclose in the Financial Statement all claims, suits or administrative proceedings to which she was then a party or to which she had been a party within a year. (*Id.*)  Plaintiff did not disclose the present suit, nor did she at any time amend her financial statement.  (Def.'s Br. in Supp. of Mot. to Stay [11] at 3; plaintiff's Combined Motion to Dismiss and Seal the Case [15] ("Motion to Dismiss") at 2 ¶ B.)

Additionally, defendant noted that plaintiff had previously been judicially estopped from asserting, and found to lack standing to bring, a Title VII claim that she failed to disclose to the bankruptcy court.  (Def.'s Br. in Supp. of Mot. to Stay [11] at 3.) Specifically, on September 8, 2005, plaintiff had filed suit against Integrated Management Resources Group, Inc. ("IMRG"), alleging unlawful discrimination in violation of Title VII. (Def.'s Br. in Supp. of Mot. to Stay [11] at 2.)  Plaintiff did not disclose the IMRG case to the bankruptcy court, nor did she amend her financial statement to reflect the suit. (Def.'s Br. in Supp. of Mot. to Stay [11] at 3; Pl.'s Mot. to Dismiss [15] at 2 ¶ B.) On September 6, 2006, this court granted the IMRG defendant's Motion for Summary Judgment in the IMRG Case on the basis of judicial estoppel and lack

3

of standing.[1]  (Def.'s Br. in Supp. of Mot. to Stay [11] at 3.)

The Court granted defendant's AIC's motion for stay in the present case on November 8, 2006.  (Order to Stay [14].)  In the Order, the Court advised plaintiff that "if it appears that she has filed a frivolous complaint, or one whose merits were resolved in another lawsuit, the Court will sanction and award attorney's fees against her." (*Id.* at 2.)  On November 21, 2006, plaintiff filed her "Motion to Dismiss" [15].  Notwithstanding the style of her motion, plaintiff was clearly not seeking dismissal, as she contended that she was not judicially estopped from pursuing the case and as she included a prayer for relief, asking the Court to award damages in the amount of $13,000. (*Id.* at 2-3.)   Plaintiff also stated that "defendant is not entitled to Attorney's fees since the plaintiff has filed a voluntary dismissal in a timely manner pursuant to [FRCP] [R]ule 16." (*Id.* at 1.)  Again, however, plaintiff's wording in her pleading belies any intention to discontinue the action.

On December 8, 2006, defendant filed a Motion to Dismiss [16].

---

[1]  In granting the motion in the IMRG case, the Court adopted the Magistrate Judge's Report and Recommendation which stated, "[b]ecause Plaintiff failed to disclose her employment discrimination cause of action as a potential asset on her bankruptcy schedule, the trustee never administered nor abandoned it." (Def.'s Br. in Supp. of Mot. to Stay [11] at 3; IMRG Magistrate Judge's Report and Recommendation "IMRG R&R" [11] exhibit A at 11-12.) Accordingly, the Court found that "the cause of action remain[ed] the property of the estate," and that plaintiff lacked standing to pursue it. (IMRG R&R [11] exhibit A at 11-12.)

AO 72A
(Rev.8/82)

(Def.'s Mot. to Dismiss [16].)   Defendant moves to dismiss on the basis of judicial estoppel and plaintiff's lack of standing due to her failure to disclose the present action to the bankruptcy court and her failure to amend her Financial Statement.   (*Id.* at 1-2.) Defendant also directs the Court's attention to the prayer for relief included in plaintiff's Motion to Dismiss.   (Def. Br. in Supp. of Mot. to Dismiss [16] at 4.)   Defendant stated, "[t]o the extent Plaintiff continues to assert a claim against AIU before this Court, AIU files its motion to dismiss pursuant to the Court's direction." (*Id.* at 4.)   Defendant asks that the Court award attorney fees in accordance with its November 8, 2006 Order.   (*Id.* at 6.)

On January 8, 2007, plaintiff filed "Answer and Rebound to the Motion to Dismiss Filed by AIU on December 8, 2006" [17].   Plaintiff again denied being judicially estopped from pursuing her claim and included a prayer for relief asking for damages and for the Court to seal the Case.   (*Id.* at 1-3.)

## DISCUSSION

### I.   Plaintiff is judicially estopped from pursuing her discrimination claim.

Plaintiff is judicially estopped from asserting her discrimination claims. The judicial estoppel doctrine is intended to "protect the integrity of the judicial process." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002).   To that end, judicial estoppel precludes a party from "'asserting a claim in a

AO 72A
(Rev.8/82)

legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding.'" *Id.* The Eleventh Circuit has held that judicial estoppel applies where: (1) a party takes an inconsistent position under oath in a prior proceeding, (2) with the intent of misleading the court or making "a mockery of the judicial system." *Id.* The Eleventh Circuit has applied judicial estoppel to bar a debtor from asserting a claim that was not disclosed to the bankruptcy court.[2] *Id.* *See also Barger v. City of Cartersville*, 348 F.3d 1289, 1293-1296 (11th Cir. 2003).

In August 2005, plaintiff filed a Bankruptcy Petition (Def.'s Br. in Supp. of Mot. to Stay [11] at 2). Plaintiff filed suit against AIU on October 11, 2005 and failed to disclose the suit to the bankruptcy court. (Def.'s Br. in Supp. of Mot. to Stay [11] at 3; Pl.'s Mot. to Dismiss [15] at 2 ¶ B.) Plaintiff was discharged from the Chapter 7 bankruptcy case on January 19, 2006. (Def.'s Br. in Supp. of Mot. to Stay [11] at 3.) Plaintiff at no time amended her Financial Statement to reflect the present suit. (Def.'s Br. in

---

[2]  Although plaintiff is also barred from asserting her claim because she lacks standing, she lacks standing as a result of her fraud on the Court. If plaintiff had previously disclosed the action to the bankruptcy court, and the trustee had abandoned the claim, the claim would have reverted back to the plaintiff. She did not do so and, thus, the claim is not hers to assert. Thus, because the plaintiff failed to disclose the present suit (and thereby took a position inconsistent with her current position), she lacks standing and is judicially estopped from pursuing her claim. *See Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268 (11th Cir. 2004); *In re Upshur*, 317 B.R. 446, 451 (Bkrtcy. N.D. Ga. 2004); *Barger*, 348 F.3d at 1292.

Supp. of Mot. to Stay [11] at 3; Pl.'s Mot. to Dismiss [15] at 2 ¶ B.) Accordingly, plaintiff's claims against defendant are judicially estopped and are **DISMISSED**.

**II. AIU is entitled to Rule 11 sanctions.**

Defendant requests sanctions under Rule 11. (Def. Br. in Supp. of Mot. to Dismiss [16] at 6). Rule 11 requires plaintiff to certify that "to the best of [her] knowledge, information and belief," her claim is "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law...." FED. R. CIV. P. 11(b)(2). If the claim is not warranted, the Court may "impose an appropriate sanction." FED. R. CIV. P. 11(c). "Although Rule 11 applies to *pro se* plaintiffs, the court must take into account a plaintiff's *pro se* status when it determines whether [a] filing [i]s reasonable." *Harris v. Heinrich*, 919 F.2d 1515, 1516 (11th Cir. 1990).

> A.   Plaintiff violated Rule 11(b) by filing a frivolous complaint.

The Eleventh Circuit has held that three types of conduct warrant imposition of sanctions: "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose." *Pelletier v.*

7

AO 72A
(Rev.8/82)

*Zweifel*, 921 F.2d 1465, 1514 n.88 (11th Cir. 1991).

In determining if Rule 11 sanctions are warranted, the Court must first determine if the party's claims are objectively frivolous in view of the facts and law.   *Pelletier,* 921 F.2d at 1514 n.88. Second, the Court must determine if the claims are frivolous if the "person who signed the pleadings should have been aware... had they made a reasonable inquiry [that the claims were frivolous]."   *Id.* "If the attorney did not make a 'reasonable inquiry,' then the court must impose sanctions-despite the attorney/party's good faith belief that the claims were sound."   *Id.   See also Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998).

### 1.   Plaintiff's claim is objectively frivolous

In examining the reasonableness of a pleading's legal basis, the Court may consider: "the time available to prepare the pleading; the complexity of the legal issues; the plausibility of the argument; and whether the party is proceeding *pro se*." *Pelletier,* 921 F.2d at 1514 n.88.   Here, plaintiff is proceeding *pro se* which weighs in favor of finding the claim nonfrivolous.   *Pro se* status is only one of the factors the Court may consider, however.   The other factors--the complexity of the legal issues, and the plausibility of the argument--weigh in favor of finding the claim objectively frivolous.

Specifically, the merits of plaintiff's case were resolved in the IMGR Case (IMGR R&R [16] exhibit A at 11-12.)   The magistrate

8

judge ruled that plaintiff was estopped from bringing a claim in that case; this Court adopted the magistrate judge's recommendation; and the Eleventh Circuit Court affirmed the Court's decision in an unpublished opinion (IMGR [98].) The same judicial estoppel that prevented plaintiff from pursuing her case against IMRG prevents her from advancing the claim in this case. The judicial estoppel issue was never complicated, to begin with, but its import should have been crystal clear to plaintiff after the IMGR Order. Thus, the implausibility of plaintiff's argument would have been apparent to her.

Plaintiff's argument that she is not judicially estopped, because her fraud on the Court was unintentional, is unpersuasive. (*See* Pl.'s Mot. to Dismiss [15] at 2 ¶ B.) In supporting this argument, plaintiff cites to *In re Chambers Dev. Co., Inc.*, 148 F.3d 214, 229 (3rd Cir. 1998), for the proposition that if plaintiff inadvertently took inconsistent positions, she is not estopped. (Pl.'s Mot. to Dismiss [15] at 2 ¶ B.) Plaintiff could have cited to this authority in the IMGR case, or could have petitioned for reconsideration of the IMGR case. However, she did not. When plaintiff decided to proceed with this suit, notwithstanding the Court's warning against doing so, the Court had already established that plaintiff had taken inconsistent positions with the intent to defraud the Court. (IMGR R&R [16] exhibit A at 11-12.) Therefore,

9

it is unreasonable for plaintiff to cite to this authority now and expect a different outcome in this case.[3]

More importantly, whatever the similarity of a Third Circuit case, this Court is still bound by Eleventh Circuit precedent. The Eleventh Circuit has held that judicial estoppel bars a plaintiff from asserting a claim she failed to disclose to the bankruptcy court. *See Burnes*, 291 F.3d at 1283 (applying judicial estoppel to bar claims of plaintiff where he failed to disclose claims to the bankruptcy court). Additionally, that Court has held that in the case of an omitted cause of action, the bankruptcy trustee is the proper party in interest and, therefore, "is the only party with standing to prosecute causes of action belonging to the estate." *Parker*, 365 F.3d at 1272; see *also* 11 U.S.C. § 323, *In re Upshur*, 317 B.R. 446, 452, 453-54 (N.D. Ga. 2004), *Barger*, 348 F.3d at 1292. Moreover, the Eleventh Circuit has affirmed this Court's order in the IMGR case.

Plaintiff's continuation of her claim, over the express warning

---

[3] Furthermore, *In re Chambers* is factually distinguishable from the case at bar. The plaintiff in *In re Chambers* took a position inconsistent with his original complaint and the district court held that he was judicially estopped from so doing. The Third Circuit reversed, finding that plaintiff's inconsistent positions were inadvertent because they became necessary as a result of defendant's claim that plaintiff had not joined a necessary party. The Third Circuit had previously remanded the case, specifically allowing plaintiff the opportunity to amend his complaint, hoping that "doing so would result in the proper adjudication of [that] dispute." *In re Chambers Dev. Co.*, 148 F.3d at 231.

10

of the Court, is therefore objectively frivolous because plaintiff
was on direct notice, through the Court's order in the IMGR case,
that she had no standing and was judicially estopped from pursuing a
claim that she had not disclosed to the bankruptcy court.[4]
Plaintiff's direct notice imputes knowledge to plaintiff of the
implausibility of her legal argument, making her claim objectively
frivolous.  *See Tobias v. Two Records of Lien*, 2001 WL 1871161 *2
(M.D. Fla. 2001)(sanctioning *pro se* plaintiff for filing a second
suit barred by sovereign immunity. The court stated, "the claim is
barred by the doctrine of sovereign immunity for the same reasons
Judge Conway found [plaintiff's] earlier claim... to be barred.
Accordingly, I find that [plaintiff's] claim in this case is
objectively frivolous.")

> ### 2.    Plaintiff should have been aware that the claims were frivolous.

"Courts have a right to expect *pro se* plaintiffs to find clearly
settled law which goes directly against them." *Patterson v. Aiken*,
111 F.R.D. 354, 357-58 (N.D.Ga. 1986), *aff'd* 814 F.2d 386 (11th Cir.
1988).  At the time plaintiff filed her complaint, the unambiguous

___

[4]  This was made clear to the plaintiff in the Court's Order in
the IMGR case.  (*See* "IMRG R&R" [11] exhibit A at 11-12 finding,
"[b]ecause Plaintiff failed to disclose her employment discrimination
cause of action as a potential asset on her bankruptcy schedule, the
trustee never administered nor abandoned it."  Therefore, "the cause
of action remain[ed] the property of the estate," and that plaintiff
lacked standing to pursue it.)

authority of this circuit established that plaintiff lacked standing and was judicially estopped from prosecuting a claim which she failed to disclose to the bankruptcy court. Therefore, plaintiff should have been aware that her claim was frivolous. *See Brown v. Consol. Freightway*, 152 F.R.D. 656, 660 (N.D.Ga. 1993)(sanctioning *pro se* plaintiff for filing suit 91 days after receiving an EEOC right to sue letter, where the "unambiguous authority of [the] circuit established that" employment discrimination cases filed outside of the 90 day window were time-barred).

While the plaintiff should have been aware that her claim was frivolous when she filed it, based on Eleventh Circuit authority, the Court would likely not award sanctions against her on that basis, due to her *pro se* status. Yet, after defendant put the Court and plaintiff on notice of the frivolity of plaintiff's claim, the Court gave the plaintiff an opportunity to withdraw the claim and explicitly warned the plaintiff that if she persisted in a frivolous claim, she would be liable for attorney's fees and costs. Plaintiff persisted, at a time when she had received an adverse ruling on the same issue in another case. Accordingly, there can be no doubt that plaintiff knew her claim was frivolous.

B. <u>Defendant is entitled to sanctions under Rule 11(c).</u>

Rule 11(c)(2) limits sanctions to an amount the Court finds sufficient to deter the offending party and others similarly situated

12

from repeating the violation.  FED. R. CIV. P. 11(c)(2).  The movant
may recover expenses incurred as a result of the violation.  *Id.*  To
determine the appropriate sanction, the Court considers: (1) the
nature of the violation committed; (2) the circumstance in which the
violation was committed; (3) the financial state of the person
sanctioned; (4) the adversely affected party's circumstance; and (5)
the particular form of sanction sufficient to deter that person from
repeating a similar violation in the future.  *Brown v. Brock*, 2005 WL
1843266 *1 (M.D.Ga. 2005)(*citing Orlett v. Cincinnati Microwave,* 954
F.2d 414, 419 (6th Cir. 1992); *see also Baker v. Alderman*, 158 F.3d
516 (11th Cir. 1998)).

>    1.   The nature and circumstances of plaintiff's violation of
>         Rule 11 warrants sanctions.

In its Order granting the defendant's motion to stay, the Court
advised plaintiff that "if it appears that she has filed a frivolous
complaint, or one whose merits were resolved in another lawsuit, the
Court will sanction and award attorney's fees against her." (Order to
Stay [14] at 2.)  The Court cautioned plaintiff that she might wish
to consider whether to continue with the litigation.  Although
plaintiff is an IFP *pro se* litigant, "once a pro se IFP litigant is
in court, [she] is subject to the relevant law and rules of court,
including the Federal Rules of Civil Procedure.  These rules provide
for sanctions for misconduct and for failure to comply with court
orders." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

13

AO 72A
(Rev.8/82)

Following the Court's Order, plaintiff continued to pursue the
case by filing her "Motion to Dismiss" [15] and her opposition to
defendant's Motion to dismiss [17].  She did so, even though she had
to know the futility of her claim.  Although plaintiff stated that
her Motion to Dismiss [15] was a motion to "dismiss the case," within
that motion, plaintiff made clear that she was still pursuing her
claim.  (Pl.'s Mot. to Dismiss [15] at 3.)  Specifically, she (1)
included a prayer for relief; (2) denied being judicially estopped;
and (3) continued to assert that defendant was liable.  (*Id.*)
Defendant then filed a Motion to Dismiss.  (Def. Mot. to Dismiss
[16].)  Plaintiff's Motion to Dismiss, which was not actually a
motion to dismiss, necessitated defendant's Motion to Dismiss.

Following defendant's Motion, plaintiff filed an opposition to
defendant's Motion to Dismiss [17], arguing that defendant did not
need to file a Motion to Dismiss because she had voluntarily
dismissed the case.  (Pl's Answer and Rebound to the AIU's Motion to
Dismiss [17] at 1.)  However, in this response, plaintiff again
continued to pursue her claim.  (*Id.* at 3.)  She (1) included a
prayer for relief, (2) denied being judicially estopped, (3) continued
to assert that defendant was liable, and (4) specifically responded
to points made by defendant in the Motion to Dismiss.  (*Id.*)

"Rule 11 employs an objective standard in finding frivolous
arguments sanctionable not an 'empty head, pure heart' subjective

14

standard." *Brown*, 2005 WL 1843266 *2 (M.D.Ga. 2005)(*citing Thorpe v. Alber's, Inc.,* 922 F.Supp 84, 94 (E.D.Tenn. 1996)). Plaintiff's subjective belief that her bankruptcy petition and the present action had nothing to do with one another[5] is neither credible nor objectively reasonable. "Rule 11 imposes on both attorneys and *pro se* litigants the burden... of ascertaining that there is a reasonable basis for maintaining the action or position taken in the papers." *Brown*, 152 F.R.D. at 660. This action was barred due to plaintiff's lack of standing and by judicial estoppel. Thus, plaintiff clearly lacked a reasonable basis for pursuing the litigation against defendant.

> ### 2. Plaintiff's financial condition does not shield her from sanctions.

Plaintiff is proceeding *in forma pauperis* as a *pro se* plaintiff. However, she is still subject to Rule 11 sanctions. "*In forma pauperis* litigants, proceeding at the expense of taxpayers, need to be deterred from filing frivolous lawsuits as much as litigants who can afford to pay their own fees and costs." *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994).

The Court can assess costs and monetary sanctions against plaintiff, in spite of her IFP status. *Moon*, 863 F.2d at 837; *see*

---

[5]    Plaintiff claims her failure to disclose "was an innocent omission based on ignorance," because it was her "first bankruptcy case, and [she is] appearing pro se and is not a trained attorney." (Pl.'s Mot. to Dismiss [15] at 2 ¶ B)

AO 72A
(Rev.8/82)

*Id.* (upholding a dismissal of civil rights claim brought by *pro se*
IFP litigant where plaintiff refused to pay costs assessed as penalty
for unreasonable refusal to obey discovery order); *Harris v. Forsyth*,
742 F.2d 1277, 1278 (11th Cir. 1984)("a court has discretion to award
costs against indigents 'as in other cases'"); *Toner v. Wilson*, 102
F.R.D. 275, 276 (M.D.Pa. 1984)(award of attorneys' fees for violation
of discovery orders permissible despite party's poverty and *pro se*
status); *Brown*, 2005 WL 1843266 *3 (M.D.Ga. 2005) (ordering IFP *pro
se* plaintiff to pay filing fee as a Rule 11 sanction for filing a
suit barred by judicial estoppel due to plaintiff's failure to
disclose the suit to the bankruptcy court).

Indeed, plaintiff appears to be what is known in the judicial
system as a "frequent filer"; that is, a person who uses her
indigency as a sword to file multiple, frivolous lawsuits against
hapless defendants, who then must expend their own resources to
defend the action. Specifically, in addition to the IMRG case and
this case, plaintiff has filed an action against Washington Mutual
Bank, on November 2, 2005, that was dismissed. *See Gertrude Isaac
v. Washington Mutual,* 1:05-CV-0284-JEC, N.D. Ga. She also filed an
appeal of a Bankruptcy Court order which was dismissed because of
non-payment of the filing fee. *See Gertrude Isaac v. Zom Residential
Services, Inc.,* 1:05-CV-3020-JEC, N.D. Ga.

A strong sanction appears necessary to deter her from future

16

such conduct.

### 3. AIU's circumstance is relevant to the Court's assessment of sanctions, but does not eliminate the need to sanction the plaintiff.

Although defendant's circumstance is relevant, the primary purpose of Rule 11 is to deter misuse of the courts, not to make defendant whole. *Brown*, 2005 WL 1843266 *2 (M.D.Ga.)(*citing Orlett,* 954 F.2d at 419; *Baker*, 158 F.3d at 527). Thus, defendant's financial status does not preclude sanctions in this case.

### 4. Determination of a sufficient sanction to deter plaintiff from filing future frivolous claims.

The Court must determine the particular form of sanction sufficient to deter the offending party from repeating a similar violation in the future. *Brock*, 2005 WL 1843266 *1-2 (M.D.Ga.)(*citing Baker*, 158 F.3d at 516). Here, plaintiff is proceeding as a *pro se* IFP litigant, but plaintiff's IFP status alone does not make obvious her inability to pay sanctions. *Moon*, 863 F.2d at 838. Nor does the Court know what the plaintiff's present financial status is now, two years after she filed the action.

Moreover, plaintiff was explicitly warned by the Court that if she proceeded with her present action and it was shown to be frivolous, she would be required to pay the defendant's attorney's fees. (Order to Stay [14] at 2.) She ignored the warning and caused the defendant to incur more fees. No one should be permitted to so use the courts with impunity. *Harris v. Menendez*, 817 F.2d 737, 739

17

(11th Cir. 1987).

Accordingly, the Court awards the defendant **$750** as a sanction against the plaintiff and to help defray part of the defendant's costs and fees incurred in connection with the filing of its motion to dismiss, on December 8, 2006.

## II.  Motion to Seal the Case

Plaintiff seeks to seal the case at bar because it "contains privileged and protected information." (Pl.'s Answer and Rebound to AIU's Motion to Dismiss [17] at 2 ¶ C.) Plaintiff cites to the Order of the bankruptcy court to seal plaintiff's bankruptcy case. *Id.* She reasons that, because she filed documents with the Court that the bankruptcy court sealed, that all documents in this case should likewise be sealed. *Id.* However, "[o]nce a matter is brought before the court for resolution, it is no longer solely the parties' case, but also the public's case.  Absent a showing of extraordinary circumstances... the court file must remain accessible to the public." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). Therefore, when plaintiff filed the previously sealed documents with the Court, they again became a matter of public record.

There is a presumption in favor of public access to court records.  *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (stating that, "[i]t is clear that the courts of this country

18

recognize a general right to inspect and copy public records and documents, including judicial records and documents.") This presumption applies equally to civil and criminal cases. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001).

The right of access to judicial records, however, is not absolute. *Nixon*, 435 U.S. at 597. A party seeking to overcome the presumption must at a minimum show that public access would serve as a "vehicle for improper purposes." *Id.* at 598. The Court has discretion to decide which documents should remain open to the public, and "should be informed by a 'sensitive appreciation of the circumstances that led to... [the] production [of the particular document in question].'" *Chicago Tribune*, 263 F.3d at 1311. (*quoting Nixon*, 435 U.S. at 598).

The Court must balance the interests of the public against those of the individual when deciding whether to limit public access. *Chicago Tribune*, 263 F.3d at 1311. The focus of the Court's inquiry is "on the rights of the public in maintaining open records and the 'check[] on the integrity of the system,' insured by public access." *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985) (*quoting Brown & Williamson Tobacco Corp. v. FTC* 710 F.2d 1165, 1179 (6th Cir. 1983), *citing Richmond Newspapers Inc. v. Virginia*, 448 U.S. 555, 592 (1990) (Brennan, J., concurring) ). This determination

19

is left to the discretion of the Court.  However, where the court "conceals the record of an entire case, making no distinction between those documents that are sensitive or privileged and those that are not, it must be shown that 'the denial [of access] is necessitated by a compelling governmental interest, and is narrowly tailored to that interest.'" *Chicago Tribune*, 263 F.3d at 1311 (*quoting Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985)).

Plaintiff is proceeding *pro se*, so the Court must give her procedural leeway.  *See Dioguardi v. Durning*, 139 F.2d 774, 775 (2nd Cir. 1944).  However, the Court may not give plaintiff leeway with regard to the legal standard for sealing the case.  Plaintiff has not demonstrated to the Court that sealing the entire case "is necessitated by a compelling governmental interest."  *Chicago Tribune*, 263 F.3d at 1311.

If as plaintiff contends, some of the documents filed with the Court contain information which if disclosed could result in identity theft or other injury to plaintiff, then public access to that information would serve as a "vehicle for improper purposes," overcoming the presumption in favor of public access.  *Nixon*, 435 U.S. at 598.  Plaintiff, however, has not indicated to the Court which documents contain sensitive information.  Accordingly, her motion to seal must be **DENIED**.

20

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendant's Motion to Dismiss [16].  The Court **DENIES** plaintiff's Motion to Dismiss and Seal the Case [15].

The Court **SANCTIONS** plaintiff in the amount of **$750**, and **AWARDS** defendant this **$750** amount.

SO ORDERED, this $28$ day of June, 2007.

_____
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

21